UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERMAINE RIOS, #367871,

       Petitioner,

                                         CASE NO.  2:11-CV-11019
v.                                    HONORABLE GEORGE CARAM STEEH

ROBERT NAPEL,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Dermaine Rios ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Wayne County Circuit Court plea-based conviction for violation of probation/third-degree home invasion, MICH. COMP. LAWS § 750.110a(4), for which he was sentenced to one to five years imprisonment.  In his petition, he raises claims concerning the voluntariness of his plea, the effectiveness of trial counsel, prosecutorial misconduct, and the denial of transcripts.  The matter is before the Court on Respondent's motion for summary judgment seeking to dismiss the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions.  Having reviewed the pleadings and relevant state court record, the Court agrees that the habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner initially pleaded no contest to third-degree home invasion in the Wayne County Circuit Court on March 31, 2005 and was sentenced to two years of probation on May 11, 2005. He subsequently pleaded guilty to one count of violation of probation/third-degree home invasion on September 26, 2005 and was sentenced to one to five years imprisonment on October 18, 2005. Petitioner was appointed appellate counsel on August 23, 2006 and again on September 5, 2006, but did not file a direct appeal in the state courts.

Petitioner filed motions to correct the pre-sentence investigation report, to remove appellate counsel, and for preparation of transcripts at public expense in May, 2007 and July, 2008, respectively. The trial court denied the motion to correct the pre-sentence report on May 22, 2007. *See* Wayne Co. Cir. Ct., Register of Actions.

On September 11, 2008, Petitioner filed a motion for relief from judgment with the state trial court raising the claims contained in the present petition. The trial court denied the motion. *People v. Rios*, No. 04-012384-02 (Wayne Co. Cir. Ct. March 25, 2009). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Rios*, No. 292693 (Mich. Ct. App. Oct. 19, 2009). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Rios*, 486 Mich. 926, 781 N.W.2d 846 (May 25, 2010).

Petitioner dated his federal habeas petition on March 10, 2011 and it was filed by the Court on March 15, 2011. Respondent filed the instant motion for summary judgment on September 23, 2011. Petitioner filed a reply to the motion on October 11, 2011.

**III.    Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner was sentenced for the probation violation on October 18, 2005. He then had, at

most, one year to file a delayed application for leave to appeal with the Michigan Court of Appeals, *see* Mich. Ct. R. 7.205(F)(3) (until October 18, 2006), or, alternatively, 42 days from the date on which counsel was appointed, *see* Mich. Ct. R. 7.205(F)(4) (until October 17, 2006). He did not do so. His conviction and sentence thus became final on October 18, 2006. Accordingly, Petitioner was required to file his federal habeas petition on or before October 18, 2007, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until September 11, 2008. Thus, the one-year limitations period expired well before he sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Furthermore, the AEDPA's one-year limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has not shown that the State created an impediment to filing his habeas petition, nor has he shown that his claims are based upon newly-discovered evidence or newly-created retroactively-applicable rights which would warrant habeas relief.

Petitioner asserts that his motions regarding the pre-sentence report, counsel, and/or transcripts which were filed with the state trial court during the pendency of the one-year period (prior to the filing of his motion for relief from judgment) should toll the limitations period. Petitioner is mistaken. Such motions do not qualify as applications for post-conviction or collateral

review so as to further toll the limitations period under 28 U.S.C. § 2244(d)(2). "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for . . . collateral review of the judgment or claim." *Witkowski v.. Vasbinder*, No. 04-CV-74232-DT, 2006 WL 618891, *4 (E.D. Mich. March 9, 2006) (unpublished) (quoting *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005)). As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, and must collaterally attack the relevant conviction or sentence." *Id.* (citing *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004)); *see also Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003). In other words, the application must seek "review" of the underlying judgment of conviction to toll the one-year period. *Id.*; *see also Branham v. Ignacio*, 83 F. App'x 208, 209 (9th Cir. 2003); *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

      Federal courts have refused to extend the tolling provisions of 28 U.S.C. § 2244(d) to motions for appointment of counsel, *see Voravongsa*, 349 F.3d at 6-7; *Dunn v. Jackson*, No. 3:03CV133, 2005 WL 1067688, *4 (S.D. Ohio May 4, 2005), as well as to motions for discovery and transcripts, *see Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001); *accord May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003); *Lloyd v. VanNatta*, 296 F.3d 630 (7th Cir. 2002), *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001). Because Petitioner's motions regarding counsel, the pre-sentence report, and transcripts did not seek collateral review of his underlying conviction and sentence, those motions did not toll the one-year period. Moreover, the lack of transcripts is not a circumstance which justifies equitable tolling of a period of limitation. *See Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D.

5

Mich. 2002). Petitioner has not shown that the lack of transcripts prevented him from timely seeking habeas review. *See Young v. Curtis*, 102 F. App'x 444, 447 (6th Cir. 2004). He could have filed a state post-conviction motion or federal habeas petition within the one-year period and then sought production of transcripts or other materials relevant to his claims. Petitioner was able to file his motion for relief from judgment in September, 2008 despite such obstacles. He has not explained why he was unable to take such action sooner or otherwise proceed more diligently on his habeas claims. Tolling is unwarranted under such circumstances. *See, e.g., Williams v. Vasbinder*, No. 05-CV-74371-DT, 2006 WL 2123908, *4 (E.D. Mich. 2006). Petitioner's habeas action is untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the habeas statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, _ U.S. _, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. The documents attached to his pleadings, including letters from appellate counsel, demonstrate that he was well aware of the issues surrounding the

filing (or non-filing) of his direct appeal in the state courts, the need to exhaust his claims by filing a motion for relief from judgment in state court, and the potential for habeas review within the relevant one-year period. Petitioner cites appellate counsel's failure to file a direct appeal in the state courts as a reason for equitable tolling. Even accepting that counsel impeded Petitioner's pursuit of a direct appeal in the state courts, however, the alleged failures of appellate counsel and/or the trial court simply did not impair Petitioner's ability to pursue collateral relief in state court or habeas relief in federal court within the one-year period. *See, e.g., Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) (state court's alleged failure to give petitioner notice of appeal rights at sentencing, to timely appoint counsel to perfect a late appeal, and to provide transcripts for a period of time did not justify tolling because petitioner failed to explain why those actions prevented him from timely filing his habeas petition). Petitioner had ample opportunity to seek leave to appeal in the state courts (with or without the assistance of counsel), to file a motion for relief from judgment in the state courts, and/or to seek federal habeas relief in a timely manner. He failed to do so.

The fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling

under *Holland*.

The United States Court of Appeals for the Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway*, 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner makes no such showing. Petitioner's own self-serving, conclusory assertions of innocence are insufficient to support his actual innocence claim. "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Moreover, his no contest and guilty pleas belie his claim that he is actually innocent. *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that claim of actual innocence is difficult to establish, particularly when defendant pleads guilty); *Catala v. Bennett*, 273 F. Supp. 2d 468, 474 (S.D.N.Y. 2003) (same). Petitioner is not entitled to equitable tolling of the one-year period. His petition is untimely and subject to dismissal.

**IV.     Conclusion**

Based upon the foregoing discussion, the Court concludes that Petitioner failed to file his

habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Jurists of reason would not find the Court's procedural ruling in this case debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Dated: January 23, 2012

                                                    S/George Caram Steeh
                                                    GEORGE CARAM STEEH
                                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Dermain Rios, #367871, Baraga Maximum Corr. Facility, 13924 Wadaga Road, Baraga, MI 49908 on January 23, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk